**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STEPHANIE GERKOVICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 12-CV-463-CVE-TLW |
| | ) | |
| UNITED PARCEL SERVICE, INC., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | **ATTORNEY LIEN CLAIMED** |

**JOINT STATUS REPORT**

JURY DEMANDED:  X  Yes  ___ No

I.   Summary of Claims:

Plaintiff: Stephanie Gerkovich was a long-time employee of Defendant. She began working for Defendant in 1985. On March 9, 2011, Plaintiff was accused of having a disability, i.e., a drug dependency. Plaintiff was locked in a room for four (4) hours by four of Defendant's supervisors. They informed Plaintiff that allegedly someone had witnessed her stealing drugs and/or buying drugs and taking a drug for menstrual cramps and that said drugs were not prescribed for her and were stolen from the company. They made threats stating Plaintiff had to resign or risk losing all her benefits and retirement that she had worked hard for over twenty-six (26) years. They stated that UPS would make it difficult for her to find another job. They threatened to have Plaintiff arrested and tell her entire extended family about the incident. Plaintiff denied the accusations and demanded proof. Defendant could not provide Plaintiff with any actual proof of their allegations yet Plaintiff was forced to resign that day which equates to a constructive discharge. Defendant refused to make any reasonable accommodations for the disability, harassed Plaintiff about her medical condition and alleged disability, thus creating a hostile environment, and retaliated against her by forcing Plaintiff to resign. Defendant never properly investigated the reported disability, failed to separate the harassers from the Plaintiff, and failed to remedy the reported discrimination. Defendants retaliated against Plaintiff when they subsequently forced Plaintiff to resign on that same day. Plaintiff has actual damages in the form of back pay and front pay in lieu of reinstatement, as well as consequential damages, including but not limited to emotional distress. Further, the acts of Defendant were carried out in a willful and/or wanton manner and/or with reckless disregard for the rights of others entitling Plaintiff to punitive and/or liquated damages.

Defendant:

Plaintiff was terminated for using and purchasing prescription drugs which were

not prescribed to her, both on the job and from UPS employees.  Plaintiff was questioned because another employee identified her, in the course of an investigation which was turned over to the criminal authorities.  Plaintiff voluntarily admitted her consumption and purchase of these substances which were not prescribed to her.  At no time did Plaintiff claim to have a disability or notify Defendant of any disability or limitations, and at no time was she perceived as having a disability.  In part because of her own admissions, she was perceived by Defendant as breaking the law; her employment therefore ended.

    A.    Claims to be Dismissed:

II.    Summary of Defenses:

Plaintiff does not have a disability, never made one known, and was not perceived as having a disability.

Defendant has in place reasonable procedures which allow for reporting any perceived harassment or discrimination.  Plaintiff unreasonably failed to utilize these procedures.

Plaintiff is prohibited from recovery due to the doctrine of unclean hands.

Plaintiff has failed to exhaust all required administrative prerequisites.

Plaintiff's recovery, if any, should be limited by any subsequent income, or barred due to failure to mitigate damages.

    A.    Defenses to be Abandoned:  None.

III.    Motions Pending:  None.

IV.    Stipulations:

    A.    Jurisdiction Admitted:  _X_ Yes  ___ No  (If no, explain.)

    B.    Venue Appropriate:  _X_ Yes  ___ No  (If no, explain.)

    C.    Facts:  All parties have been correctly designated.

        1. Plaintiff was employed with Defendant since 1985.
        2. Plaintiff was terminated by the Defendant on March 9, 2011.

    D.    Law:  Americans with Disabilities Act

V.    Proposed Deadlines:

|  |  |  |  |
|---|---|---|---|
| A. | Parties to be added by: | | October 21, 2012 |
| B. | Proposed discovery cutoff date: | | March 1, 2013 |
| C. | Fact preliminary witness lists to be exchanged by: | | February 8, 2013 |
| D. | Proposed Date for Expert Reports: | | |
| | By Plaintiff: | | February 15, 2013 |
| | By Defendant: | | February 28, 2013 |

VI. Fed. R. Civ. P. 26(f) Discovery Plan

    A. Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?  No.

    B. When were or will initial disclosures under Rule 26(a)(1) be made?  October 5, 2012

**Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan. All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly referred to a Magistrate Judge for resolution. Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).**

    C. Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?  No.

    D. Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?   No.

    E. Proposed number of fact and expert depositions:

        1. To be allowed for Plaintiff?  Fact _5__  Expert _2__
        2. To be allowed for Defendant?  Fact _5__  Expert _2__

    F. Is there a need for any other special discovery management orders by the Court?   No.

VII. Are Dispositive Motions Anticipated? If so, describe them.

Plaintiff: Not at this time.

Defendant: Yes, as to Plaintiff's claims as a whole and in particular arising under the Americans with Disabilities Act and related counterparts.

VIII. Do All Parties Consent to Trial before the Assigned Magistrate Judge?

    ___ Yes    **(Please attach completed Trial Consent form)**
              Trial by Magistrate Judge Requested in _____
     X  No                                                                                  (month/year)

IX. Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?
    ___ Yes  **(Please attach completed Partial Consent form)**
     X  No

X. Settlement Plan       **(Check one)**

    A.    X    Settlement Conference Requested after <u>March 1, 2013</u>.

Describe settlement judge expertise required, if any:
B.    ___    Private Mediation Scheduled in
C.    ___    Other ADR **(Explain)**
D.    ___    ADR is not appropriate in this case **(Explain)**

Has a copy of the Court's ADR booklet been provided to clients as required?

    Defendants:    X  Yes    ___ No
    Plaintiffs:        X  Yes    ___ No

XII. Does this case warrant special case management? No.

XIII. Do the parties request that the Court hold a scheduling conference? No.

XIV. Estimated trial time: 3-4 days

READ AND APPROVED BY:

*s/ J. Derek Ingle*
J. Derek Ingle, OBA # 16509
E. TERRILL CORLEY & ASSOCIATES
1809 E. 15th Street
Tulsa, Oklahoma  74104-4610
(918) 744-6641  -  telephone
(918) 747-4921  -  facsimile
derek@corley-associates.com

*Attorneys for Plaintiff Stephanie Gerkovich*

AND

*s/ Christina A. Jump*
Shannon K. Emmons, OBA No. 14272
PHILLIPS MURRAH, P.C.
Corporate Tower, 13th Floor
101 N. Robinson
Oklahoma City, Oklahoma 73102
(405) 235-4100  -  telephone
(405) 235-4133  -  facsimile
skemmons@phillipsmurrah.com


John V. Jansonius,     OBA No. 30792
                       TX Bar No. 10571900
Christina A. Jump, TX Bar No. 00795828
JACKSON WALKER, L.L.P.
901 Main St., Suite 6000
Dallas, TX 75202
(214) 953-6000  -  telephone
(214) 661-6867  -  facsimile
jjansonius@jw.com
cjump@jw.com

8499995v.1