IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHANIE GERKOVICH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 4:12-cv-00463-CVE-TLW |
| | § | |
| | § | |
| UNITED PARCEL SERVICE, INC., | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO QUASH DEPOSITIONS

Defendant United Parcel Service, Inc. (Ohio) files this its Motion to Reschedule Quash Depositions for the reasons set forth below.

**I.**
## PLAINTIFF'S NOTICE DEPOSITIONS UNILATERALLY AND ON UNREASONABLY SHORT NOTICE

On Friday, April 5, at 3:55 p.m., Plaintiff's counsel emailed notices for depositions of three (3) managers of Defendant. Plaintiff had not conferred on this date, nor had the date been offered. In fact, Plaintiff's counsel failed to respond for almost a month, from March 8, 2013 to April 5, 2013, to defense counsel's attempts to set mutually agreeable dates for the depositions in question.

Discovery ends in this matter on Monday, April 15, 2013. Plaintiff's counsel should not be rewarded for his delinquent attempt to set three management depositions with less than a week's notice, on the last business day before the close of discovery. This is especially so in view of his refusal to respond to repeated attempts by defense counsel to confer on dates. Defendant respectfully requests that the depositions of Chris Calvert, Stacy Brown and Jimmy

**DEFENDANT'S MOTION TO QUASH - Page 1**

Guadalupe, which were noticed late on April 5, 2013 to take place the morning of April 12, 2013, be quashed.

## BACKGROUND FACTS

Defendant originally presented Stacy Brown and Chris Calvert by agreement on February 7, 2013.  Plaintiff's Counsel deposed Human Resources Manager Chris Calvert for a very short time before ending the deposition and refusing to proceed.  Plaintiff's counsel did not even start the deposition of Loss Prevention Manager Stacy Brown, who also was present on February 7 and who Plaintiff's counsel had noticed for deposition that day.

Plaintiff subsequently filed a motion, on the last day of the original discovery deadline, seeking to extend discovery.  Counsel represented that he was unable to proceed with either deposition since he did not have the underlying performance appraisals for Plaintiff's long term employment, although he did have the performance ratings and resulting pay increases. Plaintiff's counsel never properly conferred on this Motion, stating only via email on the day he filed the Motion that he wanted to "discuss the Gerkovich matter."  Exhibit 1.  The motion was referred to Judge Lane, who made no ruling on the propriety of Plaintiff's counsel's desire to re-open the depositions, though did grant an additional 45 days of discovery time in the telephonic hearing on March 6.

Counsel for Defendant Christina Jump immediately contacted counsel for Plaintiff to reiterate that the one witness (Jimmy Guadalupe) who was not available on February 7 for personal reasons would be re-presented for deposition, and that Christy Raleigh, who currently resides in Virginia, would be made available there.  Ex. 2.  That was on March 6, 2013, the same day as the hearing with Judge Lane.  Plaintiff's counsel incorrectly presumed that to be a refusal to present Stacy Brown and Chris Calvert again.  Defendant's counsel corrected that

misunderstanding.  Exhibit 3.  Just two days later, counsel for Defendant agreed to make Mr.

Brown and Mr. Calvert available at a mutually agreed time but stated

> "As I indicated, I still do not see how performance evaluations from years ago could have prevented deposing in particular Mr. Brown, but am willing to give it one more try in light of scheduling Mr. Guadalupe's deposition.  As I indicated, should you perceive any remaining deficiencies, please let me know in advance so that we will have an opportunity to address it, possibly cure and see if there is any true dispute as to production.  I will not produce these gentlemen a third time without a court order."

Exhibit 4.

Counsel for Plaintiff originally offered dates that were not workable for Defendant.

Thereafter, on March 14 Defendant offered March 28 for the depositions of Mr. Calvert, Mr.

Brown and Mr. Guadalupe.  Exhibit 5.  Defense counsel followed up with a reminder to

Plaintiff's counsel on March 21.  Nonetheless, March 28 came and went without a response from

Plaintiff's counsel.  Defense counsel then, in an effort to avoid the precise scenario now

presented, offered an alternative date of April 9, 2013 which was done on March 29.  Again,

counsel requested a response out of courtesy and for business purposes.  Exhibit 7.

No response came until just before 4:00 p.m. on Friday, April 5, 2013, when Plaintiff's

counsel sent over a notice of depositions for Mr. Calvert, Mr. Brown, and Mr. Guadalupe.

Plaintiff unilaterally set these depositions for Friday April 12, 2013.  Exhibit 8.  This date was

never offered or even discussed, and is not available for defense counsel or defense witnesses.

Plaintiff's counsel yet again delayed until the final hour, now setting depositions for the

last business day prior to the new discovery deadline.  Despite having been granted 45 additional

days of discovery and despite ignoring repeated efforts by Defendant to set dates mutually

available Plaintiff procrastinated and then served unilateral notices on very short notice.  Plaintiff

should not be rewarded for this lack of diligence with a further extension to discovery.

## GROUNDS FOR QUASHING THE UNILATERAL NOTICES

Plaintiff's counsel has been uncooperative and unnecessarily combative in these proceedings.  This obstreperous conduct includes (1) failing to properly confer as to the substance of his original motion seeking to extend discovery; (2) refusing to proceed with management depositions the day of the managers' appearance despite having known of the perceived "problem" at least two weeks previously (and despite having been with defense counsel the entire preceding day where defense counsel did produce additional requested documents within five minutes of the request and agreed to briefly delay plaintiff's deposition for review of the same); (3) presuming a subsequent failure to agree without there being one; (4) failing to respond to repeated offers of dates for the requested depositions for nearly a full month, despite having moved this Court for a 45 day extension to discovery; and (5) unilaterally setting the same depositions for the Friday before the discovery cutoff, without conferring in any way prior to doing so, by notices sent just before 4:00 p.m. on the Friday prior to the week of these management depositions.

Defendant requests that these depositions be quashed, and that Plaintiff be prohibited from deposing these individuals due to his own failure to diligently communicate and schedule them.  In the alternative, Defendant requests that these deposition notices be quashed as unreasonably short notice and due to the unavailability of defense counsel and defense witnesses. Further, and in the alternative in the event Plaintiff is allowed a second extension of time, Defendant argues that Plaintiff not receive any further windfall as to extension of deadlines which results from his own failure to communicate.

## <u>CERTIFICATE OF CONFERENCE</u>

This Motion is not made for purposes of delay.  Discovery closes in this matter on April 15, 2013.  Counsel for Defendant Christina A. Jump has attempted to confer with Plaintiff's counsel, but has not heard back regarding this Motion.


## <u>CONCLUSION</u>

Plaintiff has had ample opportunity to depose all the fact witnesses in this case.  Instead, however, Plaintiff elected not to proceed with witness depositions when previously scheduled and Plaintiff neglected to take advantage of the 45 day discovery extension granted on March 6, 2013. Defense counsel sought diligently and repeatedly to schedule the depositions but Plaintiff ignored these overtures in favor of unilaterally noticing depositions late on Friday afternoon one week before close of the extended discovery period.

For the reasons set forth above, Defendant respectfully requests that the depositions unilaterally set by counsel for Plaintiff for Friday April 12, 2013 be quashed, and for such other and further relief to which Defendant may show itself justly entitled.

Dated:  April 9, 2013                              Respectfully submitted,

                                                   By:  /s/ John V. Jansonius
                                                         Shannon K. Emmons
                                                         OBA # 14272
                                                         **Phillips Murrah P.C.**
                                                         101 N. Robinson, 13th Floor
                                                         Oklahoma City, Oklahoma  73102
                                                         Telephone: (405) 235-4100
                                                         Facsimile:  (405) 235-4133
                                                         skemmons@phillipsmurrah.com

                                                         John V. Jansonius *Pro Hac Vice*
                                                         OBA #30792
                                                         Texas State Bar No. 10571900
                                                         jjansonius@jw.com
                                                         Christina A. Jump *Pro Hac Vice*
                                                         Texas State Bar No. 00795828
                                                         cjump@jw.com
                                                         **Jackson Walker L.L.P.**
                                                         901 Main Street, Suite 6000
                                                         Dallas, Texas  75202
                                                         Telephone: (214) 953-6000
                                                         Facsimile:  (214) 661-6867

                                                   **ATTORNEYS FOR DEFENDANT
                                                   UNITED PARCEL SERVICE, INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on April 9, 2013, a true and correct copy of this instrument was filed electronically, notice of the filing was served on all Counsel by operation of the Court's electronic filing system, and the parties may access this filing by and through the Court's electronic filing system.

> J. Derek Ingle
> E. Terrill Corley & Associates
> 1809 E. 15th Street
> Tulsa, Oklahoma 74104-4610
> (918) 744-6641 Telephone
> (918) 747-4921 Facsimile
> derek@corley-associates.com

By: */s/ John V. Jansonius*
John V. Jansonius

#9133336